## FRANCHISE CONTRACTS AND THE REFERENDUM.

Common Pleas Court of Hamilton County.

WILLIAM J. SCHULTZ, A TAXPAYER, *v.* THE UNION GAS & ELECTRIC
COMPANY, ET AL.

Decided, August 14, 1925.

*Municipal Corporations—Franchise Contracts within Protection of the
Constitution—Referendum not Applicable, When—Judgments
which are Allowed to become Final are Res Adjudicata.*

1. A gas franchise ordinance, passed by a municipality in 1905 and
   accepted by the gas company, became a contract between the city
   and the company which is within the protection of the constitu-
   tional provision forbidding the passage of laws impairing the
   obligation of contracts; and a rate ordinance, passed in 1925 and
   which has been accepted by the company, is not subject to refer-
   endum laws of a date subsequent to the making of the franchise
   contract.

2. Where a judgment was allowed to become final and remain in
   full force and effect, the issue therein determined becomes *res
   judicata* as to the same matters between the same parties.

*Eli G. Frankenstein,* counsel for plaintiff.

*Frank K. Bowman,* counsel for the City of Cincinnati.

*Lawrence K. Langdon,* counsel for the Union Gas & Electric
Company.

DARBY, J.

Briefly stated, the petition sets forth the passage by the
council of Cincinnati, on May 19, 1925, of an ordinance en-
titled—"An Ordinance regulating the price to be charged by
the Union Gas & Electric Company for natural gas consumed;"
that proper action has been taken looking to a referendum of
such ordinance; that the defendant, the gas company, threatens
to put into effect the rates sought to be established under said
ordinance, before the thirty day period in which referendum
petitions may be filed shall have expired, and that the city
threatens to put said ordinance into effect prior to the expira-
tion of said thirty day period. The plaintiff prays for a re-
straining order enjoining and restraining the city from putting

said ordinance into effect, and restraining the gas company from charging, or attempting to charge the rates fixed under said ordinance during said thirty day period, and that upon full hearing, said restraining order be made permanent.

The gas company answers, and claims briefly and in substance, that the franchise ordinance of 1905 was passed, and accepted by it, and it became a contract between it and the city, which was within the protection of the Constitution, forbidding the passage of laws impairing the obligations of contracts. That in pursuance of law and said franchise contract, the ordinance of 1925 was passed, and accepted by it, and became a contract upon its acceptance; that at the time of the making of said franchise contract, there were in existence no referendum laws in this state, and that such laws subsequently passed do not apply to the franchise contract, or the rate ordinance passed in pursuance thereof. The gas company further claims that in an action brought by it in the District Court of the United States for the Southern District of Ohio, in which that question was distinctly and directly presented, the court decided that the referendum laws of Ohio did not apply to a rate ordinance passed in pursuance of said franchise ordinance, and that that judgment of the District Court is unreversed and is final. That in 1921, a suit was filed in this court, by Eli G. Frankenstein, counsel for the plaintiff in this case, involving the same question, as to whether or not the referendum laws applied to another rate ordinance under said franchise ordinance, and that this court rendered judgment in that case against the plaintiff and in favor of the defendant the gas company; that subsequently, said cause in the court of common pleas was appealed to the court of appeals for this district, and that that court likewise entered judgment against the plaintiff and in favor of this defendant. The answer concludes with this paragraph:

"Said judgments are final, and remain in full force and effect, and this court is required under the constitution and laws of the United States, to give full effect to said judgments. This defendant says that the matters adjudicated in said cause are

the same matters attempted to be litigated in this action, and that by said former adjudication plaintiff is estopped from maintaining this action.''

The answer of the city admits the corporate existence of the defendants, the passage of the ordinance referred to, its acceptance by the gas company, the filing of the petitions looking to the referendum election; that the gas company seeks to charge plaintiff, as well as the other consumers of natural gas of the city of Cincinnati, in accordance with the terms of the ordinance referred to, and that the rate ordinance was passed in pursuance of the franchise ordinance of 1905.

There were offered in evidence the various ordinances. referred to; also a duly certified transcript of the record of the case in the United States Court, a duly certified copy of the record of the case of Frankenstein versus the defendants in this court, and a transcript of the record in said case on appeal in the court of appeals of this district.

The case resolves itself into this question: Has the question involved in this case, as to the right of referendum of this ordinance, been adjudicated in courts of competent jurisdiction, in actions between the same parties?

The claim of the defendant the gas company, is that the question involved was fully and finally determined in its favor by the District Court of the United States (the late Judge Hollister presiding); that the court of common pleas in the former case brought in this court, decided that the decision of the District Court was a final determination of the matters involved, by a court having jurisdiction; that the question was later fully determined by the court of appeals on appeal, and that this court is therefore bound by the decisions in those cases, and may not now consider the question as to whether or not referendum on this ordinance is proper under the Constitution and laws of Ohio.

It was conceded by counsel for the plaintiff in argument, that the primary question in this case was as to whether the principle of *res judicata* applied. The doctrine of *res judicata* is thus stated:

''A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgments therein, so far as concerns the parties in that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause or action.''

Applying this principle to the case at bar, it is certain that in the case in the District Court of the United States the question was directly raised as to whether or not the statutes as to the referendum of ordinances apply to this particular franchise contract and rate ordinance passed in pursuance of said franchise ordinance. That court distinctly, clearly and unequivocally decided that the referendum sections of the Code do not apply to such rate ordinance. The judgment of that court is final. It appears that no proceedings were taken by the city, or on its behalf, to seek a review in any upper court. The parties in that case are legally the same parties in the case in the court of common pleas, and in the court of appeals, and also in this case. As to the matter involved in the cases, the courts were of concurrent jurisdiction, and though the rate ordinance was different, the principle as to the right of referendum is the same in each of the cases.

The judgment of the District Court being final and conclusive as between the parties, the court of common pleas in the former case (Judge Dixon presiding), held that the principle of *res judicata* applied, and that the question involved in that case had previously been settled between the same parties in the Federal Court case, and so, when the case was presented to the court of appeals, that court held as follows:

''Here we have a question distinctly put in issue, which was directly in issue in the case in the United States Court, and the right, question and fact were determined. The actions were between the same parties, and under the rule, the judgment and proceedings therein conclusively establish that a referendum on a rate ordinance based on the franchise ordinance of 1906, is without effect, and that judgment is binding on this court.''

Even if this court were now of the opinion that the referendum sections apply to this ordinance, it is bound by the judgment of the Federal Court and also by the court of common pleas in the former case, but more particularly by the judgment of a superior court. The losing parties in the case in the court of appeals seem to have taken no steps to obtain a review of the decision of that court, and it became the final determination of the question involved. Again, if this court were in disagreement as to the right of referendum upon this ordinance, "proper judicial subordination" would require it to follow the decision of the court of appeals.

Interested parties have their rights of appeal and review of this decision, but the plain principles of law applicable in such a situation, imperatively require that judgment in this case be given dismissing the petition.